**In re C & H NEWS COMPANY.**

**No. 13–02–529–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 16, 2003.

Nissa M. Sanders, Crofts & Callaway, a Professional Corporation, John A. Guerra, Michael I. Ramirez, Brock & Person, P.C., San Antonio, for relator.

Benigno Trey Martinez, Brownsville, for real party in interest.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Relator, Nueces News Agency, Inc., d/b/a ETD KroMar, Southern Division (designated in the court below as C & H News Co.), has filed a petition for writ of mandamus, asking that this Court compel respondent, the Honorable Rolando Olv-era, Judge of the 357th District Court of Cameron County, Texas, to: (1) vacate an order denying relator's motion to compel arbitration; and (2) enter an order compelling arbitration. We deny relator's request for issuance of mandamus.

The real parties in interest, Odilia Gallegos, individually and on behalf of the Estate of Jesus Gallegos, Sr., Eva G. Guajardo, Guadalupe Gallegos, Elizabeth De La Paz, and Jesus Gallegos, Jr., filed suit against relator, in respondent's court, seeking damages. Real parties in interest allege that the death of Jesus Gallegos, Sr., one of relator's former employees, was proximately caused by the negligence of relator and/or its agents. Soon after said litigation commenced, relators moved the trial court to compel arbitration based on an arbitration agreement signed by Jesus Gallegos, Sr., and relator. The respondent denied relator's motion to compel, and relator filed a petition for writ of mandamus with this Court. We denied mandamus relief, holding that relator failed to provide a complete record upon which we could grant mandamus relief. *In re C & H News Co.*, No. 13–02–149–CV, 2002 Tex. App. LEXIS 4660, at *6–*7 (Corpus Christi June 27, 2002, orig. proceeding).

Relator then filed a second motion to compel arbitration with the trial court. In support of its second motion to compel arbitration, relator offered into evidence the arbitration agreement and the entire employee handbook, some of the terms of which were incorporated by reference into the arbitration agreement. We now have the arbitration agreement and the entire handbook in the record before us, and we are able to address the merits of relator's petition for writ of mandamus.

Mandamus is the appropriate remedy when a trial court improperly denies a motion to compel arbitration pursu-

ant to the Federal Arbitration Act.[1] 9 U.S.C. §§ 1–16 (2000); *In re L & L Kempwood Assocs., L.P.,* 9 S.W.3d 125, 128 (Tex.1999) (per curiam); *J.M. Davidson, Inc. v. Webster,* 49 S.W.3d 507, 510 (Tex.App.-Corpus Christi 2001, pet. granted). A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of that agreement. *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999) (per curiam); *Davidson,* 49 S.W.3d at 511. When one party denies being bound by an arbitration agreement, the trial court must summarily determine whether an agreement to arbitrate exists between the parties. TEX. CIV. PRAC. & REM.CODE ANN. § 171.021 (Vernon Supp. 2003); *Davidson,* 49 S.W.3d at 511; *ANCO Ins. Servs. of Houston, Inc. v. Romero,* 27 S.W.3d 1, 5 (Tex.App.-San Antonio 2000, pet. denied). Once a party establishes a claim within the scope of the arbitration agreement, the trial court must compel arbitration and stay its own proceedings, unless the party opposing arbitration meets its burden of presenting evidence that prevents enforcement. *Oakwood,* 987 S.W.2d at 573; *Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996) (per curiam).

 We review a trial court's determination concerning the existence of an arbitration agreement under an abuse of discretion standard. *Davidson,* 49 S.W.3d at 511; *ANCO Ins. Servs.,* 27 S.W.3d at 5. Under this standard, we must uphold the trial court's decision unless we conclude that the trial court could reasonably have reached only one decision. *Davidson,* 49 S.W.3d at 511; *Hardin Constr. Group, Inc. v. Strictly Painting, Inc.,* 945 S.W.2d

308, 312 (Tex.App.-San Antonio 1997, orig. proceeding [mand. denied]). Legal conclusions, however, are reviewed *de novo. Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Whether an agreement imposes a duty on the parties to arbitrate a dispute is a matter of contract interpretation and a question of law for the court. *Tenet Healthcare Ltd. v. Cooper,* 960 S.W.2d 386, 388 (Tex.App.-Houston [14th Dist.] 1998, pet. dism'd w.o.j.); *City of Alamo v. Garcia,* 878 S.W.2d 664, 665 (Tex.App.-Corpus Christi 1994, no writ).

 In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983); *Garner v. Corpus Christi Nat'l Bank,* 944 S.W.2d 469, 474 (Tex.App.-Corpus Christi 1997, writ denied). In this context, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Coker,* 650 S.W.2d at 393–94; *First Victoria Nat'l Bank v. Briones,* 788 S.W.2d 632, 634 (Tex.App.-Corpus Christi 1990, writ denied). An unsigned paper may be incorporated by reference in a contract signed by a party sought to be charged. *Teal Constr. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc.,* 46 S.W.3d 417, 420 (Tex.App.-Austin 2001, pet. denied) (citing *Owen v. Hendricks,* 433 S.W.2d 164, 166 (Tex.1968)). The specific language used is not important so long as the contract signed by the defendant plainly refers to another writing. *Teal Constr. Co.,* 46 S.W.3d at 420. When a document is incorporated into another by reference, both instruments must be read and construed

---

1. We previously held that the Federal Arbitration Act does apply to the agreement in the present case. *In re C & H News Co.,* 13–02–149–CV, 2002 Tex.App. LEXIS 4660, at *2

(Corpus Christi June 27, 2002, orig. proceeding). Neither relator nor real parties in interest argue that this holding was incorrect.

together. *Wolfe v. Speed Fab–Crete Corp. Int'l*, 507 S.W.2d 276, 278 (Tex.Civ.App.-Fort Worth 1974, no writ).

■■■ In the present case, relator asserts that it has established the existence of an arbitration agreement and has shown that the claims raised fall within the scope of that agreement; therefore, relator concludes that the trial court abused its discretion in not ordering the parties to arbitration. The arbitration agreement which is the subject of this proceeding is a one page document entitled "Mutual Agreement to Arbitrate," and reads, in part, as follows:

I understand and acknowledge that as a condition of continued employment with ETD, the company and I have voluntarily promised and agreed to submit all claims or disputes between us to binding arbitration as provided in the Handbook.

The agreement provides for "arbitration as provided in the Handbook," and therefore, we find that the agreement incorporates, by reference, portions of the employee handbook into the agreement. The handbook contains a section labeled "Mutual Arbitration Policy/Procedures." Within this section, the handbook provides for the procedures to be used in conducting arbitration, and lists those types of claims and disputes which are covered by and excluded from the agreement to arbitrate. Those disputes which are excluded from the agreement to arbitrate are: (1) an employee's worker's compensation or unemployment compensation claim; and (2) claims by relator for injunctive relief from an employee's violation of a contract, common law, or statute related to trade secrets or non-compete agreements. The handbook receipt acknowledgment, signed by the deceased, provides that the handbook consists of general guidelines which may or may not be followed in specific cases. Further, the introduction to the handbook provides that the content therein "may, and likely will, be changed, modified, deleted or amended from time to time as the [relator] deems appropriate, with or without prior notification to employees."

Relator has reserved the right to unilaterally amend the handbook, and in so doing, has reserved the right to unilaterally amend the "Mutual Arbitration Policy/Procedures" contained in the handbook. Moreover, relator has included, in the handbook, the list of those types of claims covered by and excluded from the arbitration agreement, and therefore, we find that relator has reserved the right to unilaterally amend the types of claims covered by said agreement. Relator has, in essence, reserved the right to unilaterally change the scope of the arbitration agreement.

Relator argues that the arbitration agreement contains all the essential elements of a contract, and mere reference to the employee handbook does not render the agreement illusory because, they argue, nothing in the handbook supplies or vitiates the essential terms in the agreement itself. We disagree. The arbitration agreement provides that "all claims and disputes" are subject to arbitration as provided in the handbook, while the handbook, provides for several exceptions from arbitration. The general terms of the one-page agreement are clearly subject to, and modified by, the specific terms of the employment handbook. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133–34 (Tex. 1994) (in contract interpretation, controlling effect must be given to specific provisions over general provisions); *Apex Fin. Corp. v. Brown*, 7 S.W.3d 820, 826 (Tex. App.-Texarkana 1999, no pet.).

■■■ Alternatively, relator acknowledges that it retains the right to amend its handbook, but argues that the handbook cannot reasonably be construed to allow relator to amend the scope of the arbitration agreement. Relator further argues a

reasonable interpretation of the handbook is that relator could only amend the procedures for conducting arbitration. When a contract is susceptible of two constructions, one which would render it valid and the other invalid, construction validating it must prevail. *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex.1979). However, while the courts should avoid, if possible, holding a contract void on the ground of uncertainty, they have no right to eliminate terms of material legal consequence in order to uphold it. *Luckel v. White,* 819 S.W.2d 459, 463 (Tex.1991); *Dahlberg v. Holden,* 150 Tex. 179, 183, 238 S.W.2d 699, 701 (1951).

We are unable to disregard the material terms included in the handbook, which have been incorporated, by reference, into the arbitration agreement. Reading the agreement and handbook together, we hold that the purported arbitration agreement allows relator to unilaterally amend the terms of the handbook, and in so doing, allows relator to unilaterally amend the types of claims subject to arbitration. Thus, relator retains the ability to pick and choose the claims its wants to arbitrate.

■ A contract must be based upon a valid consideration or mutuality of obligation. *Iacono v. Lyons,* 16 S.W.3d 92, 94 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (citing *Texas Gas Utils. Co. v. Barrett,* 460 S.W.2d 409, 412 (Tex.1970)). Consideration may consist of either benefits or detriments to the contracting parties. *In re Turner Bros. Trucking Co., Inc.,* 8 S.W.3d 370, 373 (Tex.App.-Texarkana 1999, orig. proceeding). It may consist of some right, interest, profit, or benefit that accrues to one party, or, al-ternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party. *Copeland v. Alsobrook,* 3 S.W.3d 598, 606 (Tex.App.-San Antonio 1999, pet. denied); *Solomon v. Greenblatt,* 812 S.W.2d 7, 15 (Tex.App.-Dallas 1991, no writ). When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation and, thus, there is no contract. *Light v. Centel Cellular Co. of Tex.,* 883 S.W.2d 642, 645 (Tex.1994). A promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance. *See id.; In re H.E. Butt Grocery Co.,* 17 S.W.3d 360, 370 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding).

■ Because relator has reserved the right to unilaterally amend the types of claims covered by said agreement, we conclude that the arbitration agreement is supported only by an illusory promise, and is unenforceable. Accordingly, relator has failed to establish the existence of a valid arbitration agreement, and therefore, we hold that respondent did not abuse his discretion in refusing to compel the parties to arbitration.[2]

Relator's petition for writ of mandamus is DENIED.

2. Real parties in interest have also urged this Court to deny relator's petition for writ of mandamus on the grounds that the real parties were not signatories to the arbitration agreement, and therefore, they cannot be compelled to arbitration. We acknowledge that nonsignatories may be compelled to arbi-tration only in limited circumstances. *See Fleetwood Enters., Inc. v. Gaskamp,* 280 F.3d 1069, 1074 (5th Cir.2002). However, in light of our holding that no enforceable arbitration agreement exists, we need not address this issue.