NUMBER 13-03-139-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

TOMMY WAYNE FLEMING,                                        Appellant,

 

                                           v.

 

PATRICIO
AHUMADA, JR. AND EDWIN L. McANINCH,   Appellees.

 

 

 

                  On appeal from the 404th
District Court

                          of Cameron
County, Texas.

 

 

 

                        DISSENTING OPINION 

 

               Before Justices Justices Hinojosa, Yañez
and Castillo

                          Dissenting Opinion by Justice Castillo

 








The majority fixes
jurisdiction and venue in Cameron County, concluding that Cameron County is the
only proper venue for enforcement of the claims of appellant, Tommy Wayne
Fleming.  Respectfully, I conclude that
the majority's decision renders illusory[1]
the unambiguous written agreement[2]
that authorized enforcement in Bexar County. 
Consequently, I respectfully dissent. 









The agreed-to clause
unequivocally authorizes Fleming to enforce, in particular, the confidentiality
clause in a court of competent jurisdiction in either Cameron or Bexar
County.  The clause could not more
plainly authorize Fleming to select the county in which to litigate.  More importantly, the clause states, in
pertinent part, that appellee Patricio Ahumada "specifically waives any
right to transfer venue in the event litigation ensues."  Litigation ensued.  By the express terms in the clause, Ahumada
agreed that a dispute would be litigated in Cameron County if Fleming, at his
sole discretion, chose to litigate there. 
Fleming exercised his sole discretion not to litigate in Cameron but,
rather, in Bexar County.  The parties did
not agree as to proper venue.  They did
agree that Ahumada waived any right to transfer venue.  By allowing Ahumada to challenge and prevail
on the very grounds he agreed to waive, the majority renders his promise and
the agreement illusory. 

I am mindful that the
plaintiff has the first choice to fix venue in a proper county by filing the
suit in the county of its choice.  In
re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).  A plaintiff's choice of venue stands unless
challenged by proper motion to transfer venue.  See Tex.
R. Civ. P. 86(1); In re Missouri Pac. R.R. Co., 998 S.W.2d 212,
216‑17 (Tex. 1999).  If the
plaintiff's venue choice is not properly challenged through a motion to
transfer venue, the propriety of venue is fixed in the county chosen by the
plaintiff.  Wilson v. Texas Parks
& Wildlife Dep't, 886 S.W.2d 259, 260 (Tex. 1994); see Tex. Civ. Prac. & Rem. Code Ann. ' 15.063 (Vernon 2002);
Tex. R. Civ. P. 86(1).   Because he unambiguously agreed to waive any
right to transfer, Ahumada consented to litigate in Bexar County.  His challenge to venue in that county was
improper because he expressly waived that right.  








In sum, by his eighth
issue, Fleming asserts that the trial court erred in denying his motion to
transfer venue.  I would sustain the
issue.  The enforcement clause here
unambiguously meant what it said: 
Fleming would decide the county and Ahumada waived the right, if any, to
complain.  Nothing within the clause
itself made the clause ambiguous. 
Accordingly, I would enforce the parties' unambiguous agreement.  Because the majority and I diverge as to the
validity of the parties' agreement, including Ahumada's waiver, my dissent as
to the remaining issues is not necessary to the final disposition of the
appeal.  Thus, respectfully I do not
address them.  See Tex. R. App. P. 47.1.

ERRLINDA CASTILLO

Justice

 

Dissenting Opinion delivered and filed

this the 18th day of May, 2006.

 











[1] A promise is illusory when it
fails to bind the promisor, who retains the option of discontinuing
performance.  See Light v. Centel
Cellular Co. of Tex., 883 S.W.2d 642, 645 (Tex. 1994); In re H.E. Butt
Grocery Co., 17 S.W.3d 360, 370 (Tex. App.BHouston [14th Dist.] 2000, no
pet.).  When illusory promises are all
that support a purported bilateral contract, there is no mutuality of
obligation and, thus, there is no contract. 
In re C & H News Co., 133 S.W.3d 642, 647 (Tex. App.BCorpus Christi 2003) (original
proceeding).





[2] If there is no ambiguity, the
construction of the written instrument is a question of law for the court.  City of Alton v. City of Mission, 164
S.W.3d 861, 869 (Tex. App.BCorpus Christi 2005, pet. filed) (citing City of
Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex.
1968)).  It is the general rule of the
law of contracts that where an unambiguous writing has been entered into
between the parties, the courts will give effect to the intention of the
parties as expressed or as is apparent in the writing.  Id. 
In the usual case, the instrument alone will be deemed to express the
intentions of the parties for it is objective, not subjective, intent that
controls.  Id.  The primary concern of a court
interpreting a contract is to ascertain and to give effect to the intentions of
the parties as expressed in the instrument.  Id.  (citing
R & P Enter. v. LaGuarta, Gavrel & Kirk, 596 S.W.2d 517, 518
(Tex. 1980)).