**In re 24R, INC., d/b/a The Boot Jack, Relator.**

No. 09–1025.

Supreme Court of Texas.

Oct. 22, 2010.

David M. Gunn, John S. Adcock, Beck, Redden & Secrest, L.L.P., Houston TX, Grace Surguy Bellomy, Law Office of Grace S. Bellomy, P.C., Boerne TX, for Relator.

Ricardo R. Godinez, Law Office of Ricardo R. Godinez, P.C., McAllen TX, Adam Poncio, Poncio Law Offices, P.C., San Antonio TX, for Real Party in Interest.

PER CURIAM.

In this employment discrimination case, we must decide whether the trial court abused its discretion by refusing to compel arbitration pursuant to a written arbitration agreement signed by the employer and an at-will employee. Because the arbitration agreement is not illusory, we hold that the trial court erred by refusing to compel arbitration. For the reasons expressed below, we conditionally grant mandamus relief and direct the trial court to vacate its order denying the motion to compel.

Frances Cabrera worked for 24R, Inc., d/b/a "The Boot Jack," as an at-will employee for approximately fifteen years. While Cabrera worked at The Boot Jack, The Boot Jack presented her with three separate arbitration agreements—in 2003, 2004, and 2005—which employees were required to sign as a condition of continued

employment. Cabrera signed all three. In January 2007, she developed a medical condition for which her doctor ordered her to eat all meals before six o'clock at night. The Boot Jack terminated Cabrera approximately four months later. She alleges The Boot Jack terminated her because she requested accommodations to eat meals as directed by her doctor.

After exhausting her remedies with the Texas Workforce Commission, Cabrera sued The Boot Jack for age and disability discrimination in April 2008. The Boot Jack filed a motion to abate and compel arbitration pursuant to the 2005 agreement. The trial court denied the request. The Boot Jack then sought mandamus relief from the court of appeals, and the court of appeals denied relief. *In re 24R, Inc.,* 324 S.W.3d 612 (Tex.App.-Corpus Christi–Edinburg, orig. proceeding [mand. pending] ). The Boot Jack now seeks mandamus relief from this Court, requesting that we vacate the trial court's order denying its motion to compel arbitration.

■■■ We once again apply the well-known rules applicable to mandamus review of a trial court's order granting or denying a motion to compel arbitration. "Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex.2010) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding)).[1] "A trial court that refuses to compel arbitration

under a valid and enforceable arbitration agreement has clearly abused its discretion." *Id.* (citing *In re Halliburton Co.,* 80 S.W.3d 566, 573 (Tex.2002) (orig. proceeding)). A party seeking to compel arbitration must establish that a valid arbitration agreement exists between the parties. *Id.* (citing *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996) (orig. proceeding) (per curiam)). "The party seeking to avoid arbitration then bears the burden of proving its defenses against enforcing an otherwise valid arbitration provision." *Id.* (citing *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 756 (Tex.2001) (orig. proceeding)).

Cabrera does not dispute that her discrimination claims are covered by the arbitration agreement and subject to arbitration if the agreement is enforceable. Instead, she argues that the arbitration agreement is unenforceable on the grounds that it lacks consideration and is illusory because The Boot Jack retained the right to amend the agreement and was not mutually bound.[2] We disagree.

■■■ The enforceability of an arbitration agreement is a question of law. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003). Mutual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement. *In re U.S. Home Corp.,* 236 S.W.3d 761, 764 (Tex.2007) (per curiam). At-will employment does not preclude employers and employees from forming subsequent contracts, "so long as neither party relies on

---

1. The Legislature amended section 51.016 of the Texas Civil Practice and Remedies Code effective September 1, 2009 to allow interlocutory appeal of an order denying a motion to compel arbitration under the Federal Arbitration Act. Tex. Civ. Prac. & Rem.Code § 51.016. Because the trial court denied the motion to compel arbitration before the amendment took effect, section 51.016 does not apply.

2. In its petition for writ of mandamus, The Boot Jack also preemptively addressed other defenses that Cabrera may have raised in the court of appeals. We address only the arguments raised by Cabrera in this Court.

continued employment as consideration for the contract." *J.M. Davidson, Inc.*, 128 S.W.3d at 228 (citations omitted). "In the context of stand-alone arbitration agreements, binding promises are required on both sides as they are the only consideration rendered to create a contract." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex.2005) (per curiam); *see also Odyssey Healthcare*, 310 S.W.3d at 424. A promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 849 (Tex.2009). When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract. *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 301–02 (Tex.2009) (citations and quotations omitted).

An arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether. *Odyssey Healthcare*, 310 S.W.3d at 424 (citing *Halliburton*, 80 S.W.3d at 570). Cabrera argues that The Boot Jack's employee manual gives The Boot Jack the right to modify or abolish any personnel policy—including the arbitration agreement. The manual states that "The Boot Jack reserves the right to revoke, change or supplement guidelines at any time without notice," and that "[t]here are a number of The Boot Jack policies an applicant needs to understand and agree to before being employed, such as the Arbitration Policy." The arbitration agreement "applies to all types of claims and disputes relating to employment and to termination of employment," and the "arbitrator's award was final and binding." Both Cabrera and The Boot Jack signed the agreement.

Though the employee manual may express that The Boot Jack retains the right to unilaterally change personnel policies, the arbitration agreement makes no mention of the right to change its terms, nor does it mention or incorporate by reference the employee manual. Documents incorporated into a contract by reference become part of that contract. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding) (per curiam). The employee policy manual is not a contract. In fact, it contains an express disclaimer that "[t]he policies and procedures in this manual are not intended to be contractual commitments by The Boot Jack...." Express disclaimers in employee handbooks "negate[ ] any implication that a personnel procedures manual places a restriction on the employment at will relationship." *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993) (per curiam). Therefore, Cabrera's argument must rest on whether the validity of the arbitration agreement is affected by language from a non-contractual employee policy manual.

Cabrera primarily relies on *Halliburton* and a court of appeals case, *In re C & H News Co.*, 133 S.W.3d 642, 647 (Tex.App.-Corpus Christi–Edinburg 2003, orig. proceeding), to argue that the arbitration agreement is illusory because The Boot Jack retains the right to unilaterally amend or abolish the arbitration contract without including a savings clause. In *Halliburton*, an employer explicitly reserved the right to unilaterally modify or discontinue the dispute resolution program. *Halliburton*, 80 S.W.3d at 569–70. However, this Court held that because the policy contained a "savings clause"—including a ten-day notice provision and a provision that any amendments would only apply prospectively—that prevented the employer from avoiding its promise, the arbitration agreement was not illusory. *Id.* at 570. In *C & H News*, the real party

in interest similarly argued the one-page arbitration document was illusory and unenforceable. 133 S.W.3d at 646. The court held that because the agreement required arbitration "as provided in the Handbook," it incorporated the handbook by reference, and because the employer retained the right to unilaterally change the handbook at anytime without prior notice to employees, the arbitration agreement was illusory and unenforceable. *Id.* at 646–47.

Cabrera incorrectly applies both cases. The Boot Jack does not retain any right within the arbitration agreement to modify or abolish its terms; in fact, it states that the "agreement to arbitrate ... continues beyond, and is not affected by, a termination of employment." Cabrera's argument rests on language from the employee policy manual, an entirely separate document that does not impose any contractual obligations between The Boot Jack and its employees. The arbitration agreement is a stand-alone contract that, unlike *C & H News,* does not incorporate the employee policy manual. Although language in the employee manual recognizes the existence of the arbitration agreement, this does not diminish the validity of the arbitration agreement as a stand-alone contract. Therefore, the contract is not illusory and does not require a *Halliburton*-type savings clause.

The trial court abused its discretion in denying the motion. Mandamus relief is appropriate because The Boot Jack has no adequate remedy by appeal. *See Odyssey Healthcare,* 310 S.W.3d at 424.

█ Cabrera also argues that The Boot Jack waived its right to mandamus relief because it did not file a complete transcript from proceedings in the trial court. This argument is without merit because The Boot Jack was only required to file "relevant" transcripts of testimony with its petition for mandamus relief. *See* Tex.R.App. P. 52.7(a)(2). The only issue in this case is whether the arbitration agreement is illusory. The Boot Jack provided us with the arbitration agreement at issue. Because the arbitration agreement is not ambiguous, no parol evidence is necessary, and we decide its validity on the face of the agreement. *See J.M. Davidson, Inc.,* 128 S.W.3d at 229.

Accordingly, without hearing oral argument, we conditionally grant mandamus relief to The Boot Jack and direct the trial court to vacate its prior order denying The Boot Jack's motion to compel arbitration. Tex.R.App. P. 52.8(c). We are confident the trial court will comply, and the writ will issue only if it fails to do so.