COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SUN FAB INDUSTRIAL
CONTRACTING, INC.,

                            Appellant,

v.

ERIC LUJAN,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-10-00340-CV

Appeal from the

County Court at Law Number Seven

of El Paso County, Texas

(TC# 2009-5207)




O P I N I O N
            In its sole issue, Appellant, Sun Fab Industrial Contracting, Inc. (Sun Fab), an employer, files
this interlocutory appeal challenging the trial court’s denial of its motion to compel arbitration and
stay proceedings in an employee-discrimination case filed by Appellee, Eric Lujan, a former Sun Fab
employee. Finding error, we reverse the trial court’s order.
BACKGROUND
            When Sun Fab hired Lujan, it provided him with an employee handbook. The table of
contents within the employee handbook lists four non-enumerated headings: (1) Introduction; (2)
Handbook Receipt & Acknowledgment; (3) Cell Phone Use Policy; and (4) Agreement to Arbitrate
Claims. Only the Introduction of the employee handbook contains sections and sub-sections. All
headings, sections, and subsections within the table of contents are followed by dot leaders which
fail to identify the pages on which these portions of the employee handbook are located. Each page
within the employee handbook is numbered sequentially, the Handbook Receipt and
Acknowledgment (“handbook receipt”) are contained on page 13, and the Agreement to Arbitrate
Claims (“arbitration agreement”) is on page 15.
            Lujan filed an employment discrimination lawsuit alleging that Sun Fab terminated his
employment after he filed a worker’s compensation claim.


 Sun Fab thereafter filed a motion to
compel arbitration and stay proceedings pursuant to the arbitration agreement signed by Sun Fab and
Lujan on July 2, 2008. Opposing Sun Fab’s motion to compel arbitration, Lujan argued in part: (1)
because the arbitration agreement is listed in the table of contents of the employee handbook and is
numbered in sequence with all other documents contained within the handbook which were signed
on the same date, it is a component of the employee handbook; (2) because both the handbook and
the arbitration agreement incorporate each other by reference; and (3) because the arbitration
agreement is subject to revocation, alteration, or modification at any time by Sun Fab under the terms
set forth in the employee handbook, the arbitration agreement is unenforceable and illusory.
            At the motion-to-compel hearing, the trial court asked Sun Fab if it had given Lujan “one
physical handbook with page 15 as part of the whole deal.” Sun Fab admitted that a single
document, consecutively numbered 1 through 15, had been provided to Lujan. Sun Fab argued that
the arbitration agreement was a separate agreement signed by both parties and was not a policy. The
trial court posed a hypothetical and asked if, under the provisions of the employee handbook, Sun
Fab could decide that it wanted to eliminate the arbitration agreement. Sun Fab answered that a
Texas employer could “change to an arbitration agreement or away from an arbitration agreement,
if they give the employees notice and there are no pending claims . . . and there were
documentation[.]” Sun Fab argued that nothing in the handbook, other than the table of contents,
referred to the arbitration agreement, which it asserted was an enforceable contract. The arbitration
agreement, Sun Fab noted, expressly “includes, but is not limited to, any claim relating to the
purported validity, interpretation, enforceability or breach of the employee handbook” and must,
therefore, be a separate document. Sun Fab argued that until there is a dispute, it has the unfettered
discretion to interpret and enforce the employee handbook and, after a dispute arises, the arbitration
agreement governs the events that follow.
            After considering Sun Fab’s arguments, the pleadings and evidence, the trial court denied
Sun Fab’s motion to compel arbitration and stay proceedings. In its written order, the trial court
explained that:
Amongst the reasons for denying the Motion, the basis for the Court’s ruling is the
Defendant maintained the right, under the Employee Handbook, to modify or
eliminate the Agreement to Arbitrate without notice and completely based on the
Defendant’s discretion. This rendered the Defendant’s promise to arbitrate illusory
and unenforceable. 
 
DISCUSSION
            Section 51.016 of the Texas Civil Practice and Remedies Code now permits the interlocutory
appeal of an order denying a motion to compel arbitration under the Federal Arbitration Act. Tex.
Civ. Prac. & Rem. Code Ann. § 51.016 (West Supp. 2011). Whether an arbitration agreement is
enforceable is a question of law which we review de novo. J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 227 (Tex. 2003). A trial court abuses its discretion when it refuses to compel
arbitration pursuant to a valid and enforceable arbitration agreement. In re Halliburton Co., 80
S.W.3d 566, 573 (Tex. 2002) (orig. proceeding). If a promise to arbitrate cannot be avoided by
amendment or termination, the arbitration agreement is valid and non-illusory. Id. at 569; In re
Datamark, Inc., 296 S.W.3d 614, 616 (Tex. App. – El Paso 2009, no pet.).
            On appeal, Sun Fab contends that the trial court abused its discretion when it found that Sun
Fab retained the unilateral right to modify or eliminate provisions within the employee handbook 
and held that the arbitration agreement that is “attached to” the employee handbook was illusory and
unenforceable. Although Sun Fab admits that the arbitration agreement is attached to and listed as
part of the employee handbook, it contends that the trial court erred in denying its motion to compel
arbitration because: (1) the arbitration agreement is a stand-alone, legally-distinct document signed
by both Sun Fab and Lujan; (2) the arbitration agreement contains no language permitting Sun Fab
to unilaterally amend or rescind it; (3) neither the arbitration agreement nor the employee handbook
refer to, incorporate, or otherwise relate to each other; and (4) Sun Fab’s right to unilaterally modify
or terminate its policies and procedures is set forth in and is restricted to the employee handbook
alone. We agree.
            At the time the trial court heard Sun Fab’s motion, neither the trial court nor the parties had
the benefit of the Texas Supreme Court’s holding in In re 24R, Inc., d/b/a The Boot Jack, 324
S.W.3d 564 (Tex. 2010). There, the Supreme Court considered an employee’s contentions that the
employer’s arbitration agreement was both unenforceable due to lack of consideration and also
illusory because: (1) the employee manual allegedly reserved to the employer the right to revoke,
change, or supplement guidelines, including an arbitration agreement, at any time without notice;
and (2) provided that there were a number of the employer’s policies that a job applicant must
understand and agree to prior to employment, including “the arbitration policy.” Id. at 566, 567. 
The Supreme Court noted that the stand-alone arbitration agreement neither addressed the right of
any party to change its terms nor mentioned or incorporated by reference the employee policy
manual. Id. at 567. Because the employee policy manual included an express disclaimer that the
manual’s policies and procedures were not intended to be contractual commitments by the employer, 
the Supreme Court determined that the manual was not a contract and proceeded to analyze whether
the validity of the arbitration agreement was affected by the language contained in the non-contractual employee policy manual. Id. Finding that the In re 24R, Inc. employer did not retain any
right to modify or abolish the terms within the arbitration agreement, that the arbitration agreement
was a stand-alone contract that did not incorporate the employee policy manual, and that the validity
of the stand-alone arbitration agreement was not diminished by language contained within the
employee policy manual that recognized the existence of an arbitration agreement, the Supreme
Court held that the arbitration agreement was not illusory and did not require a “Halliburton-type
savings clause.”


 Id. at 567-68; In re Halliburton, 80 S.W.3d at 570; compare In re C & H News
Co., 133 S.W.3d 642, 646-47 (Tex. App. – Corpus Christi 2003, orig. proceeding) (because the
arbitration agreement required arbitration “as provided in the Handbook” and had incorporated the
handbook by reference, and because the employer had retained the right to unilaterally change the
handbook at any time without prior notice to the employee, the Court of Appeals determined that a
one-page arbitration document was illusory and unenforceable).
Sun Fab Employee Handbook 
            Three pages are relevant to our consideration of Sun Fab’s issue, including page iii of the
Introduction to the employee handbook which provides:
Any statement or policy herein contained may be altered, amended or dispensed
with entirely or in part at any time by the Company or new policies added without
advance notice. Sun Fab Industrial Contracting, Inc. also reserves the right to
interpret all statements and policies. (Emphasis added).

The handbook receipt on page 13, which was signed solely by Lujan on July 2, 2008, expressly
states:
I understand that the policies in the guide are not a contract and they are not a
guarantee of employment. They may be changed, interpreted, or withdrawn by
Sun Fab Industrial Contracting, Inc. at any time. My employment with Sun Fab
is entered into voluntarily and I am free to resign at any time. Similarly, Sun Fab
Industrial Contracting, Inc. is free to conclude the employment relationship at any
time, with or without notice, for any reason not prohibited by law. I further
understand that no one other than the President of the Company has any authority to
alter the relationship, and any such alteration must be in writing and signed by the
President, or _______ not binding upon Sun Fab Industrial Contracting, Inc. 
(Emphasis added).

             As in In re 24R, Sun Fab’s employee handbook is clearly not a contract as it contains an
express disclaimer declaring that the policies in the handbook are not a contract and are not a
guarantee of employment which Sun Fab may conclude without notice for any reason not prohibited
by law. In re 24R, Inc., 324 S.W.3d at 567. The employee handbook does not incorporate the
arbitration agreement by reference. Id. at 567-68.
Sun Fab Agreement to Arbitrate Claims
            The arbitration agreement is a one-page document separately located on page 15, two pages
after the handbook receipt. The signatures of both Lujan and a Sun Fab representative follow the
recitation of the terms of the arbitration agreement, which was executed on the same date that Lujan
signed the handbook receipt. The arbitration agreement states in relevant part:
Any and all disputes, controversies or claims arising between me and Sun Fab out of
my employment or the termination thereof shall be settled by arbitration utilizing the
American Arbitration Association, or some other arbitrator as agreed to by Sun Fab
and the employee. This agreement shall apply to any and all such disputes,
controversies or claims whether asserted against Sun Fab and/or against any
employee, officer, alleged agent, director or affiliate of the Company with regard to
any matter arising out of my employment or the termination of my employment. 
This Agreement includes, but is not limited to, any claim relating to the
purported validity, interpretation, enforceability or breach of the employee
handbook or other purported employment agreement; any other claim or controversy
arising out of the employment relationship (or the nature of the relationship) or the
commencement or termination of that relationship, including, but not limited to,
claims for violation of any state or federal statute and/or for breach of covenant,
breach of implied covenant of good faith and fair dealing, wrongful termination,
breach of contract, or intentional infliction of emotional distress, defamation, breach
of right of privacy, interference with the advantageous or contractual relations,
conspiracy or other tort claims of any kind.

. . .
 
This Agreement is equally binding on both parties and both parties are waiving
their right to a jury trial for claims covered by this Agreement. (Emphasis added).

            The only consideration required of both parties to create a stand-alone arbitration agreement
is a binding promise of each party. In re AdvancePCS Health L.P., 172 S.W.3d 603, 607 (Tex.
2005). A mutual agreement to arbitrate claims provides sufficient consideration for an arbitration
agreement. In re U.S. Home Corp., 236 S.W.3d 761, 764 (Tex. 2007). Here, the terms of the
arbitration agreement expressly provide that the agreement is equally binding on both parties who
each waive their right to a jury trial for claims covered by the agreement. Consequently, we find the
arbitration agreement to be supported by sufficient consideration and is not illusory. Id.
            The arbitration agreement appears after the handbook receipt, consists of a single page
bearing the heading, “Agreement to Arbitrate Claims,” and does not retain any right to Sun Fab to
unilaterally modify or abolish its terms. Moreover, although the term “employee handbook” is
present within the arbitration agreement, we do not find that language applying the arbitration
agreement to claims relating to the “validity, interpretation, enforceability or breach of the employee
handbook” to be an incorporation of the handbook within the arbitration agreement or of the
agreement within the handbook. Unlike the facts in In re C & H News, Co., the arbitration
agreement here does not require arbitration “as provided in the Handbook.” In re C & H News Co.,
133 S.W.3d at 646-47 (emphasis added). The phrase, “as provided in the Handbook,” suggests that
an arbitration agreement is subject to the provisions of the handbook. Id. No such suggestion may
be gleaned from the terms “claim relating to” or “employee handbook” as they exist in the
arbitration agreement before us nor do we find that the language diminishes the validity of the
agreement to arbitrate. In re 24R, Inc., 324 S.W.3d at 567-68. We do not find the listing of the
arbitration agreement within the employee handbook’s table of contents, the inclusion of the
heading, “Agreement to Arbitrate Claims” therein, nor the fact that both the handbook and the
Agreement to Arbitrate Claims were signed on the same day to constitute an incorporation of the
arbitration agreement within Sun Fab’s employee handbook. Rather, we find the arbitration
agreement to be a contract that exists independently of the employee handbook. Compare YMCA
of Greater El Paso, Texas and Rio Grande Valley and Fred & Maria Loya YMCA v. Garcia, No. 08-11-00096-CV, 2011 WL 5110224, at *3-4 (Tex. App. – El Paso October 26,2011, no pet. h.) (where
dispute resolution policy was not a separate, stand-alone document but was contained amidst
numerous other policies within employee policy manual, which did not create any contractual
obligations in favor of the employer or the employee, no valid arbitration agreement existed).
            Because Sun Fab’s and Lujan’s promises to arbitrate cannot be avoided by amendment or
termination and are supported by consideration, the arbitration agreement is valid and non-illusory. 
In re Halliburton Co., 80 S.W.3d at 569; In re Datamark, Inc., 296 S.W.3d at 616. Because the
arbitration agreement is valid, non-illusory, and enforceable, the trial court’s denial of Sun Fab’s
motion to compel arbitration and stay proceedings constitutes an abuse of discretion. In re 24R, Inc.,
324 S.W.3d at 566 (citations omitted). Appellant’s issue is sustained.
CONCLUSION
            The trial court’s judgment is reversed and the case is remanded for further proceedings.
 
                                                                        GUADALUPE RIVERA, Justice
November 9, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.