

# NUMBER 13-16-00103-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ENRIQUE MARTINEZ,**                                                                 **Appellant,**

**v.**

**AFFORDABLE SEATING, INC.,**                                                      **Appellee.**

---

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Enrique Martinez purchased furniture online from appellee Affordable Seating, Inc. (Affordable). By one issue on appeal, Martinez challenges the trial court's order dismissing his suit in light of a forum-selection clause. We affirm.

### I.    BACKGROUND

Martinez filed this lawsuit complaining of the quality of wooden chairs that he

purchased from Affordable.   Martinez placed his order through the Affordable's website, affordableseating.net.   The record reveals that Martinez signed an invoice dated April 22, 2015 which summarized the terms of his furniture order.   The invoice describes an order for one-hundred and ten "Leonardo" model chairs with mahogany finish for $78 apiece, as well as sixty tables of varying sizes and prices.   Among its terms, the invoice provided, "I have read all the information related to my transactions with Affordable Seating, LLC[1] and agree to the policy stated on affordableseating.net."   Martinez alleges that he transferred $8,580—the purchase price for the chairs—to Affordable on the day after he returned the invoice, and the furniture was delivered in due course.

Martinez contends that sometime after the chairs were delivered, he contacted Affordable, complaining that the chairs were not the color or design he had ordered and that many of the chairs were damaged, stained, or generally of poor quality.   He alleged that Affordable declined to provide a refund or otherwise remedy the situation.

Martinez filed this lawsuit in Hidalgo County District Court.   Affordable then filed a motion to dismiss, citing a forum-selection clause contained in the terms and conditions found on the company's website (the policy).   The forum-selection clause provided:

> Buyer irrevocably and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind whatsoever, whether in law or equity, or whether in contract or tort or otherwise, against Seller in any way relating to this Agreement or the transactions contemplated hereby in any forum other than the courts of the State of Illinois sitting in Chicago, Illinois and of the United States District Court for the Northern District of Illinois, and any appellate court from any thereof, and the parties hereto irrevocably and unconditionally submit to the jurisdiction of such courts and agree that any such action, litigation or proceeding may solely and exclusively be

---

[1] On appeal, neither party discusses the apparent discrepancy between the named party in this appeal—Affordable Seating, Inc.—and the party described in many of the documents submitted to the trial court and to this Court—Affordable Seating, LLC.

brought in any such Illinois State court or, to the fullest extent permitted by applicable law, in such federal court.

As Affordable pointed out, Martinez had used the website to solicit Affordable's proposal for the sale, and he had signed an invoice which expressly stated "I . . . agree to the policy stated on affordableseating.net." Affordable also submitted an affidavit from its vice president, Yehoshua Shlafrok, authenticating the policy found on the company's website as well as the invoice, and describing the company's practice of relying on signed invoices as the contractual basis for fulfilling orders of furniture. Shlafrok attested that the forum-selection clause was vital to allowing the company to offer low prices for its wares and that the company did not consent to be sued in Hidalgo County, Texas.

Affordable contended that by signing the invoice, Martinez had agreed to bring any dispute in the courts of Chicago, Illinois and not in any other forum. The trial court agreed and dismissed Martinez's suit without prejudice to refile it in the proper forum. This appeal followed.

## II.    DISCUSSION

On appeal, Martinez does not assert that the invoice is not a contract or that he did not validly execute it as such. Instead, Martinez protests that the forum-selection clause was not contained in the invoice itself. Martinez reasons that because the invoice he signed contained only a "fine print" reference that the policy on the website would bind him, and because he did not know of the website's policy, there was no meeting of the minds for purposes of contract formation.

Martinez also argues that the forum-selection clause should be voided on grounds of public policy. He contends that enforcing these "fine print" and "boiler plate" terms

3

would be manifestly unjust given that they, in turn, refer to the "fine print" and "boiler plate" terms found on a separate website.

## A.  Standard of Review and Applicable Law

An unsigned document may be incorporated by reference in a contract signed by a party sought to be charged.  *Owen v. Hendricks,* 433 S.W.2d 164, 166 (Tex. 1968); *In re C & H News Co.*, 133 S.W.3d 642, 645 (Tex. App.—Corpus Christi 2003, orig. proceeding); *see City of Hous. v. Williams*, 353 S.W.3d 128, 138 (Tex. 2011) ("[C]ontracts may be embodied in more than one document . . . ." (internal quotations omitted)). Disputes relating to the doctrine of incorporation by reference often raise questions of contract interpretation.  *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 371 (Tex. App.—Corpus Christi 2005, no pet.) (combined appeal & orig. proceeding).   In interpreting a contract, our primary goal is to determine the parties' intent as expressed in the terms of the contract.  *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015).   The specific language used to refer to the incorporated document is not important as long as the signed document "plainly refers" to the incorporated document.  *In re C & H News*, 133 S.W.3d at 645; *Teal Constr. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc.*, 46 S.W.3d 417, 420 (Tex. App.—Austin 2001, pet. denied).   Documents incorporated into a contract by reference become part of that contract.  *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (orig. proceeding) (per curiam); *In re Bank One, NA*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding) (per curiam).

Forum-selection clauses are generally enforceable and presumptively valid.  *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam).   A party

attempting to show that such a clause should not be enforced bears a heavy burden. *Id.*; *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam). A trial court abuses its discretion in refusing to enforce the clause unless the party opposing enforcement clearly shows "(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *Laibe*, 307 S.W.3d at 316.

## B.    Application

Here, Martinez signed an invoice memorializing the terms of the agreement. The invoice "plainly refers" to the incorporated document—that is, the policy found on Affordable's website. *See C & H News*, 133 S.W.3d at 645; *Teal Constr.*, 46 S.W.3d at 420. The terms of the invoice shows the parties' clear intent that the policy found on the website would become part of the parties' contract. *See Plains Expl. & Prod.*, 473 S.W.3d at 305; *Cappadonna Elec.*, 180 S.W.3d at 371. This website's policy and the forum-selection clause it contained were incorporated by reference and became part of the parties' invoice-*cum*-contract. *See In re 24R*, 324 S.W.3d at 567; *In re Bank One*, 216 S.W.3d at 826. Martinez's argument concerning a meeting of the minds is thus unavailing; "[t]his Court has held that a party who signs a contract is charged with notice of its contents as a matter of law." *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 230 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.) (citing *Estate of Degley v. Vega*, 797 S.W.2d 299, 304 (Tex. App.—Corpus Christi 1990, no writ)).

As to Martinez's public-policy argument, he produces no authority or evidence to shoulder the heavy burden required to find a forum-selection clause unenforceable. *See*

5

*In re Int'l Profit Assocs.*, 274 S.W.3d at 675; *see also In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) ("When inconvenience in litigating in the chosen forum is foreseeable at the time of contracting, the challenger must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." (internal quotations omitted)).   A contract term is not invalid or unenforceable merely because it is contained in a document incorporated into the contract by reference.   *D. Wilson Constr.*, 848 S.W.2d at 230.   We conclude that Martinez has not disturbed the presumptive validity of the forum-selection clause at issue here.   *See In re Laibe*, 307 S.W.3d at 316.   The trial court did not abuse its discretion in dismissing Martinez's case so that it could be refiled in a forum to which both parties contractually agreed.   *See id.*   We overrule Martinez's sole issue.

### III.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
20th day of October, 2016.

6