

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00058-CV

KENNETH RAY WALDROP                                    APPELLANT

V.

TERESA WALDROP                                         APPELLEE

----------

## FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. 2006-61054-393

----------

## DISSENTING OPINION ON EN BANC RECONSIDERATION

----------

As to the contractual language permitting modification of this contract between the parties upon "further orders of the court," the trial court found ambiguity but, based on evidence regarding the parties' intent, found that it referred only to the three instances of termination stated in the decree—the death of either party, Teresa's remarriage, or Teresa's cohabitation—and one instance of modification for Teresa's receipt of her share of Kenneth's Kimberly

Clark pension. Our majority reverses the trial court, holding that "further orders of the court" is not ambiguous and not so limited. But in so holding, we stopped short of explaining what the further-orders-of-the-court phrase—which, according to the majority, has "a certain and definite legal meaning"—actually means.

If the clause has a "certain and definite legal meaning," then certainly we should be able to articulate its meaning sufficient to direct the trial court as to the standard that is to be applied on remand. Instead, the majority gives the trial court broad marching orders, remanding the case back to determine "whether Kenneth's maintenance obligation should be modified or terminated" and to determine "the amount, if any, of a modification."

A trial court will commit an abuse of discretion if it acts without reference to guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). And by failing to articulate the rules and principles that should be applied in these circumstances, we have now sent the trial court on a journey without providing any directions on how to get there. Instead, we invite the trial court to decide for itself what standard it will apply.

But there is a deeper, more basic problem with a contractual provision that purports to allow the contract to be modified simply upon "further orders" of a court. It is illusory at its core. *See In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (orig. proceeding) (explaining that a promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance).

2

That the provision in question allows a *court* to modify the contract obscures the problem somewhat, because courts are often legitimately called upon to construe contracts and to make determinations when disputes arise as to their meaning. But here it matters not who is empowered to modify the contract. The effect would be no different had the contract provided for modification by a minister, one of the parties to the contract, or a random stranger on the street. Absent agreement as to the circumstances under which any of these persons could modify the contract, there is no agreement as to the essential terms of the modification process. *See Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016) ("'It is well settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree' . . . [t]hus, to be enforceable, an agreement to agree, like any other contract, 'must specify all its material and essential terms, and leave none to be agreed upon as the result of future negotiations.'" (internal citations omitted)).

A contractual provision that purports to allow for modification of the contract without a meeting of the minds as to the circumstances that would trigger such a possibility is just as illusory as the parties' agreeing that they will agree to modify the contract in the future without establishing the conditions and framework for such future modification. *See id.* The latter has been held to be "an agreement to agree," which is no agreement at all. *See id.* ("If an agreement to make a future agreement is not sufficiently definite as to all of the future

3

agreement's essential and material terms, the agreement to agree 'is nugatory.'" (quoting *Radford v. McNeny*, 104 S.W.2d 472, 474 (Tex. 1937)).

Here, we have an agreement to modify based on who-knows-what—a whim, a change in wind direction, or when a pig flies. The only significance of allowing the contract to be modified by order of a court is that such modification—because it will be embodied in a court order, rather than in some other form of message from the minister, party, or stranger on the street—would be subject to appellate review. And that raises one last, uncomfortable question: on review, how are we to assess whether the trial court erred or abused its discretion by granting or denying such modification? If we cannot articulate that standard to the trial court on remand, how are we to determine it for ourselves when this matter presents itself to us again for review?

If it is the majority's view that this question should be avoided at this juncture, then we should have affirmed the trial court's decision on the narrower grounds identified in the original opinion.

For these reasons, I respectfully dissent.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PITTMAN, J., and LEE ANN DAUPHINOT (Senior Justice, Retired, Sitting by Assignment), join.

DELIVERED: June 7, 2018