# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

No. 13-20114
Summary Calendar

Lyle W. Cayce
Clerk

VINCE SCUDIERO; CHRISTEL THORNTON,

Plaintiffs - Appellees

v.

RADIO ONE OF TEXAS II, L.L.C.,
a subsidiary of Radio One, Incorporated,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1088

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Radio One of Texas II, L.L.C. ("Radio One") appeals the district court's denial of its motion to compel arbitration of racial discrimination and retaliation claims brought by two of its former employees, Plaintiffs-Appellees Vince Scudiero and Christel Thornton ("Plaintiffs" or "Scudiero" and "Thornton"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20114

The Plaintiffs filed suit against Radio One in federal district court. Scudiero alleged that Radio One discriminated against him because of his race and retaliated against him because of his complaint. Thornton alleged only a retaliation claim. Radio One filed a motion to dismiss and to compel arbitration. The magistrate judge issued a recommendation that the district court deny the motion. Radio One objected to the report, and the district court overruled the objections and denied the motion. Radio One now appeals.

Radio One contends that the district court erred in denying its motion to compel arbitration on the basis that the arbitration agreement was illusory and thus unenforceable. We review de novo a district court's ruling on a motion to compel arbitration. *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). When ruling on a motion to compel arbitration, it must be determined whether the parties had an agreement to arbitrate. *Id.* "This determination depends on two considerations:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* When deciding whether a dispute is within the scope of the arbitration agreement, this Court resolves ambiguities in favor of arbitration. *Id.* "However, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead [o]rdinary contract principles determine who is bound." *Id.* (citation and internal quotation marks omitted). It is undisputed that Texas law governs this determination.

Specifically, Radio One contends that the district court erred in holding that the two arbitration provisions in the employee handbook were illusory and thus unenforceable based on a provision in the handbook that expressly provided that Radio One reserved the right to unilaterally "supersede, modify, or eliminate existing policies." Section 10 of the employee handbook is entitled:

2

"EMPLOYEE ACKNOWLEDGMENT FORM AND AGREEMENT TO ARBITRATE." In pertinent part, it provides that: (1) the employee acknowledges receipt of the employee handbook; (2) "the information, policies, and benefits described here are necessarily subject to change"; (3) revised information may supersede, modify, or eliminate existing policies"; (4) the employment is "at-will"; and (5) "[a]ny controversy or claim recognized by law arising out of or relating to this Employee Handbook procedures delineated in it, or the employment relationship, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association." In addition, section 113 of the employee handbook is entitled: EMPLOYEE COMPLAINT PROCEDURE." Section 113 includes an arbitration provision that is essentially identical to the arbitration provision set forth above in section 10 of the handbook. Both Plaintiffs signed off on both sections 10 and 113 of the handbook.

The Texas Supreme Court has held that an "arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether." *In re 24R, Inc.* 324 S.W.3d 564, 567 (Tex. 2010). In that case, there was an employee manual that provided that the employer reserved the "right to revoke, change or supplement guidelines at any time without notice." *Id.* The manual also provided that "there are a number of [employer] policies an applicant needs to understand and agree to before being employed, such as the Arbitration Policy." *Id.* The arbitration agreement was in an entirely separate document and did not incorporate the employee manual. *Id.* at 568. The Court rejected the claim that the arbitration agreement was illusory, stating that the employee manual "does not impose any contractual obligations between" the employer and the employee. *Id.* Further, the Court explained that "[a]lthough language in the employee manual recognizes the existence of the arbitration agreement, this does not diminish the validity of the

arbitration agreement as a stand-alone contract." *Id.* The Court also contrasted that case with one in which the arbitration agreement "required arbitration 'as provided in the Handbook,'" and that handbook contained a provision allowing the employer to unilaterally revise it. *Id.* (quoting *C & H News, Co.,* 133 S.W.3d 642, 646 (Tex. App. Corpus Christi-Edinburg 2003, orig. proceeding)). Because the arbitration provision in the other case incorporated the handbook by reference, the employer could unilaterally revise it, and thus the agreement was held to be illusory and unenforceable. *Id.* at 567-68. Applying the above analysis to the instant case, because the arbitration provision is in the handbook that contains the language allowing the employer to unilaterally revise the handbook, the agreement to arbitrate is illusory and unenforceable. In other words, because the arbitration agreement is not a "stand-alone contract," the provision allowing the employer's unilateral modification of the handbook includes allowing unilateral modification of the arbitration agreement." *Id.* at 568.

Although Radio One cited the Texas Supreme Court's holding in *In re 24R*, 324 S.W.3d 564, before the district court, it does not cite it in its appellate brief. Instead, it relies upon an intermediate Texas appellate court's holding. In *D.R. Horton, Inc., v. Brooks,* the court held an arbitration agreement was enforceable and not illusory even though it was set forth in the employee handbook as a "policy" and that handbook contained a provision that allowed the employer to "supersede, modify, or eliminate existing policies." 207 S.W.3d 862, 868 (Tex. App. — Houston [14th Dist.] 2006, no pet.). Radio One is correct that *D.R. Horton* provides support for its argument that its arbitration policy is enforceable. However, we cannot reconcile the holding in *D.R. Horton* with the Texas Supreme Court's subsequent analysis in *In re 24R* applying *C & H News*.[1]

---

[1] In *Carey v. 24 Hour Fitness*, 669 F.3d 202, 208 n.2 (5th Cir. 2012), the employer relied on *D.R. Horton* to support the proposition that giving notice regarding a revision to the

No. 13-20114

Moreover, another Texas intermediate appellate court has interpreted the Texas Supreme Court's analysis in line with the district court's holding in the instant case. In *Weekley Homes, L.P., v. RAO,* 336 S.W.3d 413, 420 (Tex. App. —Dallas 2011, pet. denied), the employee argued that the arbitration provision contained in the handbook was not binding because the handbook stated that "policies are not to be interpreted as a promise by the Company that any particular situation will be handled in the express manner set forth in the text." The court cited *In re 24R, Inc.,* 324 S.W.3d at 567–68, for the proposition that an "employer's right to unilaterally change personnel policies as stated in an employee manual did not extend to an arbitration agreement that was a separate, stand alone contract." *Weekley Homes, L.P.,* 336 S.W.3d at 420.[2] In contrast, the court noted that the dispute resolution policy before it was repeatedly referenced as a policy in the handbook and the "broad modification language makes no distinction between company policies." *Id.* at 421. Because the "plain language of the modification provision gives [the employer] the unilateral power, at any time, to elect not to enforce any policy or provision" in the handbook, the court concluded that the promise to arbitrate was illusory and not an enforceable agreement to arbitrate. *Id.*

---

arbitration agreement prevents it from being illusory. We first distinguished *D.R. Horton*, noting that the court in *D.R. Horton* found that the "arbitration agreement was not subject to the change-in-terms provision." *Id.* However, we did not address the merits of the court's analysis with respect to whether the change-in-terms provision applied to the arbitration agreement. We further noted that the language in *D.R. Horton* stating that a promise to arbitrate is not illusory if any changes to the agreement are required to be communicated through official notices was dicta and expressly declined to follow it. *Id.* (citing *D.R. Horton*, 207 S.W.3d at 869).

[2] The court also cited another Texas Supreme Court opinion for the proposition that an "employee handbook that could be modified at any time, did not render an entirely separate arbitration agreement unenforceable." *Weekley Homes, L.P.,* 336 S.W.3d at 420 (citing *In re Polymerica, LLC,* 296 S.W.3d 74, 75–76 (Tex. 2009)).

No. 13-20114

We hold that the district court did not err in denying the motion to compel because the arbitration provision is not a separate, stand-alone contract. Instead, it is contained in the handbook in which Radio One reserved the right to unilaterally supersede, modify or eliminate existing policies.  Under these circumstances, Radio One's promise to arbitrate was illusory and unenforceable.

The district court's judgment is AFFIRMED.