# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2014

Lyle W. Cayce
Clerk

No. 13-50015

JORGE LIZALDE,

Plaintiff – Appellee

v.

VISTA QUALITY MARKETS,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The defendant, Vista Quality Markets ("Vista"), the employer of the plaintiff, appeals the judgment of the district court denying Vista's motion to compel arbitration of this on-the-job injury claim. The district court denied the motion, agreeing with the plaintiff, Jorge Lizalde, that the Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement") between him and Vista is illusory because, as the district court interpreted the Arbitration Agreement, it provided Vista the unrestrained right to unilaterally terminate the Arbitration Agreement. We hold that the Arbitration Agreement is not illusory under Texas law. We therefore REVERSE the judgment of the district court and REMAND for the entry of an order compelling arbitration.

No. 13-50015

I.

Lizalde works for Vista as a meat-cutter. Pursuant to this employment, Lizalde and Vista entered into two agreements that are relevant to this appeal: the Arbitration Agreement, and the Employment Injury Benefit Plan (the "Benefit Plan").

In the Arbitration Agreement, the parties agreed to submit to an arbitrator all claims which arise from "[a]ny injury suffered by Claimant while in the Course and Scope of Claimant's employment with Company." The Arbitration Agreement is terminable by Vista, but this termination ability has some constraints. "Company shall have the right to prospectively terminate [the Arbitration Agreement]. Termination is not effective for Covered Claims which accrued or occurred prior to the date of the termination. Termination is also not effective until ten (10) days after reasonable notice is given to Claimant." So by the terms of this termination provision in the Arbitration Agreement, a termination by Vista is only effective ten days after notice has been given to an employee and only as to prospective claims. Finally, the Arbitration Agreement also contains a provision recognizing its connection with the Benefit Plan. Specifically, the Arbitration Agreement states, "this Agreement is presented in connection with Company's [Benefit Plan]. Payments made under [the Benefit Plan] also constitute consideration for this Agreement."

As relevant to this appeal, the Benefit Plan itself also contains a termination provision providing that Vista "may terminate [the Benefit Plan] by executing and delivering to the Plan Administrator a notice of termination specifying the date of termination." Notably, this termination power under the Benefit Plan is completely unconstrained. These two different termination clauses present one of the complexities of this appeal.

2

No. 13-50015

Finally, Lizalde signed a document in which he acknowledged that upon employment, he had received and read both the Arbitration Agreement and the Benefit Plan.

## II.

During the course of his employment with Vista, Lizalde suffered a slip-and-fall accident. Lizalde filed this suit against Vista in Texas state court alleging non-subscriber negligence and gross negligence claims as well as a claim for discrimination and retaliation under the Employee Retirement Income Security Act ("ERISA"). Vista removed the case to federal court on the basis of federal question jurisdiction over the ERISA claim. Vista also requested that the district court exercise supplemental jurisdiction over the state law negligence and gross negligence claims. The district court denied this request to exercise supplemental jurisdiction and remanded the state law negligence and gross negligence claims.

In June 2012, Vista filed the motion to compel arbitration and stay proceedings pending arbitration on the ERISA claim, the sole claim remaining in federal court. Vista asserted that under the Arbitration Agreement, Lizalde's ERISA claim must be heard by an arbitrator. Lizalde opposed this motion on the grounds that the Arbitration Agreement was illusory and consequently not relevant.

In ruling on the motion, the district court agreed with Lizalde that the Arbitration Agreement was illusory. Specifically, the district court held that the Arbitration Agreement and the Benefit Plan were properly read together as a single contract; and within that single contract, the district court held that the unconstrained termination provision in the Benefit Plan applied to the stand-alone Arbitration Agreement. Finally, the district court held that, under Texas law, this unconstrained power to terminate at will rendered the Arbitration Agreement illusory. Accordingly, the district court denied the

3

No. 13-50015

motion to compel arbitration. Vista then filed this interlocutory appeal challenging the district court's decision to deny arbitration under 9 U.S.C. § 16(a)(1)(A),(C). *See also Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) ("We have jurisdiction of this appeal even though the district court's denial of [the plaintiff's] motion to compel arbitration is an interlocutory ruling.").

### III.

On appeal, Vista challenges the district court's holding that the Arbitration Agreement was illusory.[1]  First, Vista argues that the two agreements – the Arbitration Agreement and the Benefit Plan – are not properly read as a single contract, so the unconstrained termination provision in the Benefit Plan does not apply to the Arbitration Agreement. Alternatively, Vista argues that even if the Arbitration Agreement and the Benefit Plan are read as one contract, the Benefit Plan termination provision still does not apply to the Arbitration Agreement, which has its own properly constrained termination provision. We agree with Vista that even if the two agreements are read as one contract, the Arbitration Agreement cannot be terminated without following the established procedural requirements, and consequently is not illusory. We therefore need not decide the first issue because we will assume, as Lizalde urges, that the two agreements are properly construed as a single contract and move on to interpreting that contract.

### A.

We review the grant or denial of a motion to compel arbitration de novo. *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). To determine whether an agreement to arbitrate is contractually valid, courts

---

[1] The parties briefed a second issue – whether the court or an arbitrator should decide whether the Arbitration Agreement was illusory – but Vista conceded at oral argument that the court is the proper decision maker on this issue.

No. 13-50015

apply "ordinary state-law principles that govern the formation of contracts." *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008).

Both parties agree that Texas law governs the contract in this case. Under Texas law, "[a]n agreement to arbitrate, like other contracts, must also be supported by consideration." *Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827, 831 (Tex. App. – El Paso 2012). Thus, "when a purported bilateral contract is supported only by illusory promises, there is no contract." *Id.* at 832. As it relates specifically to arbitration agreements, the "[m]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement." *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010). Where one party has the unrestrained unilateral authority to terminate its obligation to arbitrate, however, the agreement understandably is illusory. *See id.* at 567 ("An arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether."). This is not to say that if a party retains any ability to terminate the agreement, the agreement is illusory. Instead, retaining termination power does not make an agreement illusory so long as that power 1) extends only to prospective claims, 2) applies equally to both the employer's and employee's claims, and 3) so long as advance notice to the employee is required before termination is effective. *In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002).

B.

Applying these Texas contract law principles to this case, it certainly seems clear that the Arbitration Agreement is not illusory unless the termination provision found in the Benefit Plan applies to the Arbitration Agreement. Stated differently, termination of the Arbitration Agreement is restricted to prospective claims, does not apply to claims which accrued prior to termination, and is not effective until ten days after reasonable notice is given to the employee. Under Texas law, this termination provision, if it

applies here, limits the power to terminate the arbitration obligation in a way that does not render the Arbitration Agreement illusory and consequently, makes the Arbitration Agreement enforceable. *See id.*

This conclusion does not decide the case, however. Assuming, as Lizalde argues, that the Benefit Plan and the Arbitration Agreement are properly considered as a single contract, we must examine whether the termination provision found in the Benefit Plan applies to the stand-alone Arbitration Agreement. If it does – as the district court held it did, and as Lizalde argues – the Arbitration Agreement would be illusory because it could be terminated at will and unilaterally by Vista. *See In re 24R*, 324 S.W.3d at 567. Whether the Arbitration Agreement is illusory therefore turns on whether the termination provision of the Benefit Plan also applies to the Arbitration Agreement. We now turn to this inquiry.

C.

We lay the foundation to this question by assuming that the Arbitration Agreement and Benefit Plan make up a single contract. A review of the Texas authorities convinces us that even when the two documents are considered as a single contract, this does not compel a holding that the termination provision found in the Benefit Plan also applies to the Arbitration Agreement.

> When several documents represent one agreement, all must be construed together in an attempt to discern the intent of the parties, reconciling apparently conflicting provisions and attempting to give effect to all of them, if possible. . . . That does not necessarily require that every provision in each document applies equally to all other documents being considered.

*Richland Plantation Co. v. Justiss-Mears Oil Co., Inc.*, 671 F.2d 154, 156 (5th Cir. 1982) (internal citations omitted). This statement reflects the general goal of contract interpretation under Texas law: determining the intent of the parties. *Frost Nat. Bank v. L&F Distributors, Ltd.*, 165 S.W.3d 310, 311–12

(Tex. 2005) ("In construing a contract, we must ascertain and give effect to the parties' intentions as expressed in the document.").

Looking at the two agreements in this case, we see no indication that the parties intended the broader termination provision found in the Benefit Plan to also apply to the Arbitration Agreement. Here, the Arbitration Agreement is specifically crafted to provide a narrowly-tailored termination clause that ensures its enforceability; this deliberate wording makes it difficult to accept that the parties intended for the unconstrained termination provision found in the Benefit Plan to apply to the Arbitration Agreement. Additionally, applying the Benefit Plan termination provision to the Arbitration Agreement would render the termination provision found in the Arbitration Agreement superfluous, an outcome disfavored by Texas contract law. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) ("To [ascertain the intentions of the parties], we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.").

This view is further supported by the plain language of the two termination provisions. The termination provision found in the Arbitration Agreement explicitly states that Vista "shall have the right to prospectively terminate *this Agreement*" (emphasis added). Similarly, the termination provision found in the Benefit Plan states that Vista "may terminate *this Plan*" (emphasis added) unilaterally. In both cases then, the termination provisions clearly demarcate their respective applications.

To summarize, the parties included a termination provision in the Arbitration Agreement that constrained Vista's power to terminate the agreement; the termination provisions found in the Arbitration Agreement and the Benefit Plan expressly state that they apply only to the agreement or plan in which they are found; and applying the Benefit Plan to the Arbitration

No. 13-50015

Agreement would render the termination provision in the Arbitration Agreement superfluous. These considerations are completely convincing to us that the parties did not intend for the termination provision in the Benefit Plan to apply to the Arbitration Agreement. Because Vista's power to terminate the Arbitration Agreement is properly constrained, the Arbitration Agreement is not illusory and is enforceable under Texas law.

IV.

In this opinion, we hold that even if the Benefit Plan and the Arbitration Agreement are properly considered as part of a single contract, the termination provision found in the Benefit Plan does not apply to the Arbitration Agreement. Accordingly, the Arbitration Agreement is not illusory. We therefore REVERSE the decision of the district court, and REMAND the case for the district court to enter an order compelling arbitration.

REVERSED and REMANDED.