

NUMBER 13-18-00281-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STAGE STORES, INC.,                                                      **Appellant,**

**v.**

JOE EUFRACIO,                                                               **Appellee.**

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Stage Stores, Inc. (Stage) challenges the trial court's denial of its motion

to compel arbitration in a discrimination suit brought by appellee Joe Eufracio, a former

Stage employee. We reverse and remand.

## I. BACKGROUND

Eufracio was employed as a "Market Asset Protection Manager" at Stage's department stores in south Texas from 1999 until 2016.  According to Stage, upon his hiring, Eufracio signed an "Alternative Dispute Resolution Acknowledgement" form which stated in its entirety as follows:

> Notice of Dispute Resolution Program.  The Stage Stores Inc. Dispute Resolution Program requires that any dispute between myself and Stage Stores Inc. or its subsidiaries or affiliates (collectively, the "Company"), or claim by either of us against the other, must be resolved through internal Company procedures or through mediation or **final and binding arbitration**. **NO SUCH DISPUTE OR CLAIM CAN BE TAKEN TO COURT OR HEARD BY A JURY.**  This includes, but is not limited to, any claim or dispute I might have involving a Company officer, director, owner, affiliate, representative, or employee.  It also includes, but is not limited to, any claim based upon a failure or refusal to hire.  I acknowledge that a copy of the complete Dispute Resolution Program is available to me upon request.  I understand and agree that any offer of employment by the Company will be in consideration for and subject to my agreement to be bound by the Dispute Resolution Program which I show by my signature below.  If I choose now, or in the future, not to comply with the Dispute Resolution Program or any policy or procedure described in the Employee Handbook, my employment may be terminated.  Even if my employment is terminated (voluntarily or involuntarily, for any reason), the Dispute Resolution Program will continue to apply.

(Emphasis in original.)

In 2015, Eufracio invoked Stage's dispute resolution process by filing an internal complaint alleging that he had been subject to race/national origin and age discrimination. The complaint alleged, among other things, that Eufracio's supervisor had made offensive and racially disparaging remarks to him on multiple occasions.  Subsequently, in February 2016, Stage terminated Eufracio's employment, ostensibly due to "poor performance."

Eufracio filed the instant suit in Hidalgo County Court at Law Number 2 on May 22, 2017, contending that Stage's actions constituted discrimination on the basis of age, race, national origin, and/or disability, in violation of the Texas Commission on Human Rights

2

Act (TCHRA). *See* Tex. Lab. Code Ann. § 21.051. The petition additionally alleged that Stage unlawfully retaliated against Eufracio by firing him. *See id.* § 21.055.

Stage moved to compel arbitration, arguing that Eufracio signed the "Alternative Dispute Resolution Acknowledgement" form in 1999 when he was hired. The motion included a copy of the form which appeared to be signed by Eufracio and was dated January 11, 1999. Stage's motion also included a copy of its Dispute Resolution Program, a 20-page pamphlet which sets forth mandatory procedures for certain claims, including a formal internal review, mediation, and binding arbitration. The document states that "[c]laims for discrimination" are subject to all of those procedures. In response to the motion to compel, Eufracio argued that the arbitration agreement is unenforceable for various reasons, which we categorize as follows: (1) it is illusory due to a lack of consideration; (2) it is procedurally unconscionable; (3) it is "indefinite"; and (4) it "deprives [him] of an equivalent and accessible forum in which to effectively prosecute his claims."

At a hearing on April 23, 2018, Eufracio testified that he first learned of Stage's Dispute Resolution Program when he was "presented by [his counsel] the documents of the lawsuit." When asked whether the signature on the "Alternative Dispute Resolution Acknowledgement" form was his, Eufracio replied: "It looks to be but it's not." He explained that he never signed the form, and he observed that the form was incomplete because the spaces for "Associate Number," "Date of Hire," and "Store Number" were left blank. Eufracio also denied that he was ever "given" the Dispute Resolution Program pamphlet. Following Eufracio's testimony, his counsel stated to the court: "[I]f I had my preferences on this particular case I would like the opportunity to go to mediation and if it doesn't settle at mediation then at some point arbitration would be discussed and if the

Court orders arbitration at that point then so be it."

Nevertheless, the trial court signed an order denying the motion to compel in its entirety on May 11, 2019, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. On July 10, 2018, we abated the appeal to allow the parties to engage in mediation. Because no agreement was reached at mediation, we reinstated the appeal on September 13, 2018.

## II. DISCUSSION

Stage argues by one issue that the trial court erred in denying its motion to compel arbitration. Eufracio has not filed a brief to assist the Court in the resolution of this appeal.[1]

## A. Standard of Review

Generally, a trial court's denial of a motion to compel arbitration is reviewed for abuse of discretion. *Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, 494 S.W.3d 231, 238 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). In such a review, while we defer to the trial court's factual determinations that are supported by evidence, we review the trial court's legal determinations de novo. *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). Whether an arbitration agreement is enforceable is a question of law that is subject to de novo review. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Where, as here, the trial court makes no written findings of fact or conclusions of law in support of its ruling, "all facts necessary to support the judgment and supported by

---

[1] On May 31, 2019, Stage filed an "Unopposed Motion to Set Case for Submission Without Oral Argument" with this Court, noting that Eufracio has not filed an appellee's brief. Stage also stated in its motion that Eufracio's counsel "recently confirmed that he did not intend to file a brief and does not oppose the relief requested in [Stage]'s brief." We granted the motion on June 3, 2019.

4

the evidence are implied." *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). We will affirm the ruling if it can be upheld on any legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984).

## B. Applicable Law

A party seeking to compel arbitration under the Federal Arbitration Act (FAA)[2] must establish that (1) there is a valid arbitration agreement, and (2) the claims raised fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding); *see* 9 U.S.C.A. §§ 2, 4. Arbitration is strongly favored; therefore, once it is established that an arbitration agreement exists and that the claims in question are within the scope of the agreement, a presumption arises in favor of arbitrating those claims and the party opposing arbitration has the burden to prove a defense to arbitration. *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015). "A trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion." *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (orig. proceeding) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 573 (Tex. 2002) (orig. proceeding)).

In determining whether there is a valid agreement to arbitrate, we apply ordinary principles of state contract law. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding).

---

[2] Stage's Dispute Resolution Program pamphlet states that "[t]o the maximum extent possible, the [FAA] will govern the interpretation and enforcement of the arbitration proceedings."

## C. Analysis

There appears to be no dispute that Eufracio's claims fall within the scope of the arbitration agreement at issue; thus, the only question is whether that agreement is valid and enforceable. *See In re Rubiola*, 334 S.W.3d at 223. Stage argues that there is no merit to any of the defenses to enforceability raised by Eufracio in his written response to the motion to compel. Stage further contends that, to the extent the trial court's ruling was based on Eufracio's hearing testimony that he did not sign the arbitration agreement, that was error because Eufracio did not set forth that denial in any verified pleading. We agree with Stage on both points.

First, we address the defenses raised in Eufracio's written response. The response initially argued that the arbitration agreement is unenforceable because it is illusory—specifically, it alleged there was no "mutuality of obligation" because the agreement "only purports to bind [Eufracio] to arbitrate his claims." *See In re 24R, Inc.*, 324 S.W.3d at 567 ("When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract."); *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 645 (Tex. 1994) (noting that a promise is illusory if it fails to bind the promisor). But in a section describing the "External Procedures" of mediation and arbitration, the Dispute Resolution Program pamphlet states as follows in bold, capital letters:

> **BOTH YOU AND THE COMPANY ARE REQUIRED TO FOLLOW THESE EXTERNAL PROCEDURES FOR ALL COVERED CLAIMS. YOU CANNOT PURSUE A LAWSUIT IN COURT AGAINST THE COMPANY AND THE COMPANY CANNOT PURSUE A LAWSUIT IN COURT AGAINST YOU ON THE BASIS OF ANY OF THESE COVERED CLAIMS.**

The agreement was not illusory because it bound both Eufracio and Stage to arbitrate claims within its scope. *Cf. Light*, 883 S.W.2d at 645.

6

Next, Eufracio's response argued that the agreement is unconscionable because he was "acting under duress when he signed" it. Agreements are unenforceable if they are substantively or procedurally unconscionable. *Royston*, 467 S.W.3d at 499. "Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding the adoption of the arbitration provision." *Id.* (citing *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006) (orig. proceeding)). Though Eufracio alleged in his written response that he signed the agreement under duress, he did not offer any evidence, such as an affidavit, to support this assertion. Instead, he testified at the hearing that he never signed the agreement at all, which directly contradicts his unconscionability argument. For this reason, the trial court abused its discretion if it denied the motion to compel based on unconscionability.

Third, Eufracio argued in his response that the agreement "fails for indefiniteness" because "it omits essential terms" such as "the procedure to be used in conducting the arbitration, what rules of discovery, evidence or procedure, if any, will apply, and whether the proceedings will be 'of record.'" *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) ("[W]hen an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree."); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) ("In order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook."). Eufracio did not cite any authority establishing that these terms in particular

are essential to an arbitration agreement, and we find none.[3]  In any case, the Dispute Resolution Program pamphlet explained that the parties must choose a dispute resolution organization (DRO), an arbitrator, and arbitration procedures, and it specifically provided which DRO would be used in the event the parties could not agree.  We conclude the trial court erred if it denied the motion to compel on the basis of indefiniteness.

Fourth, Eufracio's response alleged that the arbitration agreement is unenforceable because it "deprives [him] of an equivalent and accessible forum in which to effectively prosecute his claims."  He appeared to argue that his claims brought under the TCHRA may not be arbitrated because arbitration is inadequate to protect his rights under that statute.  *See Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 763 (5th Cir. 1999) ("[W]hether a federal statutory claim can be subjected to compulsory arbitration depends upon whether the particular arbitral forum involved provides an adequate substitute for a judicial forum in protecting the particular statutory right at issue.").  Eufracio did not cite any authority, and we find none, indicating that arbitration as called for in the agreement and Stage's Dispute Resolution Program is inadequate to protect his statutory right to be free from discrimination under the TCHRA.  As Stage notes, the statute itself states that the use of alternative means of dispute resolution, such as arbitration, is "encouraged to resolve disputes arising under [the TCHRA]."  TEX. LAB. CODE ANN. § 21.203(a).  The trial court erred if it found the arbitration agreement unenforceable on this basis.

---

[3] Following the April 2018 hearing, the trial court mentioned Eufracio's observation that the "Alternative Dispute Resolution Acknowledgement" form did not contain an "Associate Number," "Date of Hire," or "Store Number" on the spaces provided.  However, Eufracio has never alleged that these particular pieces of missing information were essential such that their absence made the arbitration agreement unenforceable.

Finally, Eufracio testified at the hearing on the motion to compel that he never signed the arbitration agreement. This contradicted his written response, which acknowledged that he signed the agreement but alleged that he did so under duress. The rules of civil procedure require that certain pleadings must be verified by affidavit, including "[d]enial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed." TEX. R. CIV. P. 93(7). Eufracio never filed any pleading or document, verified or otherwise, denying that he signed the arbitration agreement; instead, as noted, he conceded that he signed the agreement in his response to the motion to compel.

Moreover, the trial court erred if it excused Eufracio's failure to file a verified denial on the basis that the issue was tried by consent. *See* TEX. R. CIV. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").[4] Trial by consent is intended to cover only the "exceptional" case in which it "clearly appears from the record as a whole that the parties tried the unpleaded issue"; it "should be applied with care" and "is not intended to establish a general rule of practice." *Guillory v. Boykins*, 442 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Greene v. Young*, 174 S.W.3d 291, 301 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). A party's unpleaded issue may be deemed tried by consent when evidence on the issue is

---

[4] Rule 67 is clear that "issues not raised by the pleadings" may be tried by consent. TEX. R. CIV. P. 67. Though Stage addresses this issue in its brief, it cites no authority explicitly indicating that the trial-by-consent doctrine may also operate to excuse a party's failure to file a verified plea as required by Rule 93. *See* TEX. R. CIV. P. 93. For purposes of this opinion, we assume but do not decide that a party's failure to file a verified plea pursuant to Rule 93 may be excused if the issue is tried by consent.

9

developed under circumstances indicating both parties understood the issue was present in the case, and the other party failed to make an appropriate complaint. *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 567 (Tex. App.—San Antonio 2011, no pet.). Here, Stage's counsel alerted the trial court to the lack of a verified denial immediately after Eufracio's hearing testimony. After the hearing, Stage filed a supplemental brief with the trial court again objecting to consideration of the unpleaded issue. *See id.* We cannot say that this is an "exceptional" case warranting application of the trial-by-consent doctrine. *See Guillory*, 442 S.W.3d at 690.

Because the defenses raised by Eufracio lack merit, the arbitration agreement was valid and enforceable, and the trial court's refusal to compel arbitration was an abuse of discretion. *See In re 24R, Inc.*, 324 S.W.3d at 566. Stage's issue on appeal is sustained.

### III. CONCLUSION

The trial court's judgment is reversed. We remand with instructions to grant the motion to compel arbitration and for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed the
1st day of August, 2019.

10