# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 22-20150
Summary Calendar

Monica Winn,

*Plaintiff—Appellant*,

*versus*

Brunswick Corporation; Freedom Boat Club, L.L.C.;
Goin' Coastal L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3662

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Monica Winn appeals the district court's orders dismissing her claims against Brunswick Corporation ("Brunswick"), Freedom Boat Club LLC ("FBC"), and Goin' Coastal LLC ("GC"). Because her appellate brief is devoid of substantive arguments concerning her claims against Brunswick or

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20150

FBC and her contract with GC contains a valid arbitration agreement, we
AFFIRM.

## I.    BACKGROUND

### A.    *Winn and Hearne's Interaction*

Winn, an African American woman, purchased a boat club
membership from GC through FBC in Galveston, Texas. Her membership
with FBC Galveston granted her access to numerous docks in the FBC
network. On September 6, 2020, Winn reserved a boat for her and nine
friends. Seven of her friends boarded immediately with no issue and they set
sail for a couple of hours. Winn returned to pick up her remaining friends
where David Hearne, a previous FBC Houston employee and spouse of the
current FBC Galveston owner, began questioning her and her guests.

Winn alleges that Hearne berated her and her guests about the liquor
and beer they had on her reserved boat. According to her, their consumption
of alcohol on the boat and dock were within FBC's rules and Hearne ignored
other non-minorities also enjoying alcoholic drinks. She perceived Hearne's
aggression at her party as racially motivated and contacted FBC's corporate
office to complain about her treatment. FBC suggested that Winn stop going
to the Galveston location and take advantage of a different dock through the
reciprocity system she enjoyed as an FBC member. Dissatisfied with FBC's
response, Winn sued GC, FBC, and FBC's parent company, Brunswick.

### B.    *District Court Proceedings*

At the district court, Winn filed claims against GC, FBC, and
Brunswick under: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 2000 ("Title II
claims"); (3) state negligence law; and (4) state constitutional and statutory

2

law.[1] Brunswick and FBC filed motions to dismiss under Rule 12(b)(6). Winn amended her original complaint on January 5, 2021. Brunswick and FBC, again, moved to dismiss, while GC filed a motion to compel arbitration.

### 1.    *FBC & Brunswick's Motions to Dismiss*

On June 22, 2021, the district court granted Brunswick and FBC's motions to dismiss. Regarding Winn's § 1981 claim, the district court noted that she failed to allege that Brunswick "intended to discriminate against her on the basis of her race or interfered with her contract rights." It further noted that she failed to demonstrate that either FBC or Brunswick "hired, supervised, or otherwise directed the actions of Hearne." On her Title II claims, the district court held for Brunswick and FBC because Winn failed to explain how she attempted to contract for a public accommodation or how Brunswick or FBC denied her efforts to that end. Finally, the district court rejected Winn's negligence claim because neither Brunswick nor FBC owed her a legal duty to prevent Hearne's alleged harassment.

### 2.    *GC's Motion to Compel Arbitration*

Winn's claims against GC pressed on after Brunswick and FBC's dismissal. Ultimately, the district court ruled in favor of GC and compelled arbitration in accordance with the parties' contractual terms. The district court expressed its "reservations about arbitration," but noted that "the Fifth Circuit has made clear that arbitration clauses prevail." Winn timely appealed, where she contends that the district court erred in granting: (1) Brunswick and FBC's motions to dismiss and (2) GC's motion to compel arbitration.

---

[1] Winn ultimately abandoned her Texas constitutional and statutory law claims—leaving only the § 1981, Title II, and negligence claims for consideration at the district court and the instant appeal.

## II. STANDARD OF REVIEW

We review a district court's grant of a Rule 12(b)(6) motion de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (internal quotations and citation omitted). We only consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). To avoid dismissal, plaintiffs must plead "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Likewise, "we review the grant or denial of a motion to compel arbitration de novo." *Lizalde v. Vista Quality Mkts.*, 746 F.3d 222, 225 (5th Cir. 2014) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "To determine whether an agreement to arbitrate is contractually valid, courts apply 'ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008)).

## III. DISCUSSION

### A. Forfeiture of Winn's Negligence, § 1981, & Title II Claims

An appellant's brief must provide the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). Accordingly, a "party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citation omitted). Also, an appellant "abandons all issues not raised and argued in its *initial* brief on appeal." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 367 (5th Cir. 2022) (emphasis in original). Furthermore, we have held that "an appellant forfeits

its appeal if the district court provides several alternative grounds for its decision and the appellant fails to brief one of those grounds." *Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016).

Winn purports to appeal the district court's orders dismissing her claims against Brunswick and FBC. She asserts that her pleading sufficiently articulated the proper elements to sustain her negligence, 42 U.S.C. § 1981, and Title II causes of action. On appeal, Rule 28(a)(8)(A) requires her to reassert her contentions, the reasons for them, and cite relevant legal authority and record-support. Here, she fails to meet this burden. The relevant portion of her argument regarding her negligence, § 1981, and Title II claims makes up roughly one page of her initial brief. She mentions none of the relevant elements of her claims and provides no factual support with which we might analyze them—opting, instead, for conclusory allegations that the district court prematurely dismissed these parties without permitting additional discovery.

Ultimately, Winn has failed to brief any of the grounds for which she argues the district court erred in dismissing her claims against Brunswick and FBC. *See Frew*, 820 F.3d at 719. Because she failed to adequately brief these claims on appeal, she has effectively abandoned these issues and forfeited her argument pertaining thereto. *See Scroggins*, 599 F.3d at 446; *MDK Sociedad*, 25 F.4th at 367.

### B.      *GC's Motion to Compel Arbitration*

We use a two-step approach in deciding whether to require arbitration. "The first step is to determine whether the parties agreed to arbitrate the dispute in question." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). At step one, we look to: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Tittle v. Enron*

*Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Webb*, 89 F.3d at 258. Step two requires this court to evaluate the scope of the arbitration clause and the nature of the dispute. *See Tittle*, 463 F.3d at 419.

Winn first contends that her contract with GC did not expressly provide that arbitrability would be decided in accordance with the American Arbitration Association's ("AAA") rules—indicating a step one problem with the contract. *See Webb*, 89 F.3d at 258. Alternatively, she argues that even if the contract incorporates AAA rules, the district court erred in compelling arbitration because it would deprive her of federal rights guaranteed by 42 U.S.C. §§ 1988 and 2000a-3. Specifically, she asserts that the arbitration agreement abrogates her rights under the Civil Rights Act ("CRA") because GC used its bargaining power to impose a fee arrangement which would require her to share the cost of arbitration if she does not prevail. She asserts that this fee arrangement violates the CRA and, as a result, allows her to evade arbitration of the dispute. We disagree.

Here, Winn and GC's contract expressly provides that the agreement would be governed by the Federal Arbitration Act and AAA rules. The contract also contemplates this type of dispute, so it is reasonable to conclude that this dispute falls within the scope of the parties' agreement. Consequently, step one favors compelling arbitration. *Webb*, 89 F.3d at 258. On step two, Winn's argument that the fee-shifting provision in her contract violates the CRA and, therefore, favors holding against arbitration is unpersuasive. We have repeatedly upheld similarly valid arbitration agreements that required plaintiffs to arbitrate federal statutory claims, including those under § 1981. *See, e.g.*, *Mayberry v. Prudential*, 193 F.3d 517, 517 (5th Cir. 1999) (compelling arbitration in a § 1981 claim); *Rojas v. T.K. Commc'ns, Inc.*, 87 F.3d 745, 747 (5th Cir. 1996) (same); *Gilmer v.*

No. 22-20150

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (compelling arbitration in an Age Discrimination in Employment Act claim). Because both prongs favor compelling arbitration, we affirm.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.