

# NUMBER 13-25-00343-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LA JOYA INDEPENDENT SCHOOL
DISTRICT,                                                    Appellant,

v.

LAURA VARELA, INDIVIDUALLY
AND A/N/F K.R.,                                             Appellees.

## ON APPEAL FROM THE 332ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West

La Joya Independent School District (District) argues the trial court erred by implicitly denying its plea to the jurisdiction in a lawsuit for breach of a "Cheer Constitution"—initiated by a cheerleader's mother. We reverse and render.[1]

## I. BACKGROUND

Appellee Laura Varela is the mother of K.R., a cheerleader at one of the District's high schools. On June 5, 2025, appellee filed a breach of contract lawsuit against the District. Appellee attached the "Cheer Constitution" to her petition, asserting it is a contract that includes "obligation[s] to conduct tryouts fairly, to honor the results of those tryouts, and to treat all students equally without favoritism." Appellee complained that K.R. was wrongfully named co-captain rather than captain because the District improperly conducted two sets of tryouts. She argued that the District's immunity from suit was waived under the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE § 271.152 (waiving a school district's immunity from lawsuits for breach of certain contracts).

The introduction and preamble of the cheer constitution provides that it "outlines standards of eligibility and procedures . . . and conduct and behavior" related to the cheer team and that "participation in extracurricular activities, including cheerleading, is a **privilege,** not a right." The body of the constitution substantively addresses several rules and procedures. Amendments to the constitution may be made "by the Athletic Director and Executive Director for Student Services." Further, "the Athletic Coordinator for the High School[] and the Principal will act as the final authority for interpreting [the] Constitution." It additionally provides, "This Constitution is by no means a complete listing

---

[1] The District also appealed the trial court's grant of a temporary injunction. Because we dispose of this case on jurisdictional grounds, we do not address the merits of the temporary injunction.

of all rules and regulations of the [District's] Cheerleader organization." The last page contains an acknowledgment form for cheerleaders and their parents to confirm by signature that they have "read the constitution" and "understand that [a cheerleader] . . . must follow all requirements and rules." There are no signature lines for any other people.

On June 5, 2025, the trial court signed a temporary restraining order (TRO) enjoining the District from recognizing the second tryout. On June 11, 2025, the District filed a plea to the jurisdiction. On June 12, 2025, a temporary injunction (TI) hearing was held. On July 2, 2025, the trial court entered a TI order enjoining the same as the TRO. The District appealed.[2]

## II.    STANDARD OF REVIEW & APPLICABLE LAW

A trial court's grant of a temporary injunction is an implicit denial of a plea to the jurisdiction. *Beaumont Indep. Sch. Dist. v. Guillory*, No. 09-15-00531-CV, 2016 WL 2766078, at *5 (Tex. App.—Beaumont May 12, 2016, no pet.) (mem. op.); *Village of Tiki Island v. Ronquille*, 463 S.W.3d 562, 573–74 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Tex. Dep't of Fam. & Protective Servs. v. ASI Gymnastics, Inc.*, No. 05-09-01469-CV, 2010 WL 2764793, at *1 n.2 (Tex. App.—Dallas July 14, 2010, no pet.) (mem. op.); *see State v. Lopez*, No. 05-22-00588-CV, 2022 WL 4396162, at *2 (Tex. App.—Dallas Sept. 23, 2022, no pet.) (mem. op.); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (holding appellate courts may consider jurisdiction and immunity

---

[2] The trial court's temporary injunction order was stayed pending this appeal. Afterward, appellee obtained a second TRO from the trial court granting the same relief as the earlier TRO and TI. Related to such, we conditionally granted mandamus relief and directed the trial court to vacate the second TRO. *In re La Joya Sch. Dist.*, No. 13-25-00388-CV, 2025 WL 2435928, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2025, no pet.) (concluding the TRO "does not specifically define the irreparable injury that Varela would suffer or include any reference to the facts on which the trial court relied in reaching its conclusion" and is therefore void under Texas Rules of Civil Procedure 680 and 683).

arguments for the first time during an interlocutory appeal). Here, the trial court did not explicitly rule on the plea to the jurisdiction but implicitly denied the plea by granting the temporary injunction. *See Guillory*, 2016 WL 2766078, at *5; *Ronquille*, 463 S.W.3d at 573–74; *ASI Gymnastics*, 2010 WL 2764793, at *1 n.2.

Jurisdictional challenges are reviewed de novo. *City of Houston v. Gomez,* 716 S.W.3d 161, 164 (Tex. 2025). In de novo review, we exercise our own discretion and accord no deference to the trial court's decision. *Vaughn v. Vaughan*, 710 S.W.3d 412, 418 (Tex. App.—Eastland 2025, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Attachments to pleadings are part of the pleadings for the purposes of a court's review. *See* TEX. R. CIV. P. 59. "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Miranda*, 133 S.W.3d at 226. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227.

### III. DISCUSSION

The District challenged appellee's pleadings by complaining that the cheer constitution—the sole basis pled for waiver of the District's immunity—was not a valid contract for which immunity was waived.[3] We agree.

Although public school districts enjoy governmental immunity from suit, the Legislature has waived a public school district's immunity for breach of some contracts. *See* TEX. LOC. GOV'T CODE § 271.152; *Fowler v. Tyler Indep. Sch. Dist.*, 232 S.W.3d 335, 337 (Tex. App.—Tyler 2007, pet. denied). An enforceable contract must express an intent to be bound. *MKM Eng'rs, Inc. v. Guzder*, 476 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) ("When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract."). Intent to be bound is a question of law if it is "unambiguously expressed on the face of the" writing. *Karns v. Jalapeno Tree Holdings, L.L.C.*, 459 S.W.3d 683, 690 (Tex. App.—El Paso 2015, pet. denied).

Here, the cheer constitution unambiguously evidenced a lack of intent to bind the District by providing that: (1) involvement in cheer is a "**privilege,** not a right"; (2) the constitution may be amended unilaterally by the District's officials; (3) District officials are the "final authority" to interpret the constitution; and (4) the constitution is not a complete list of rules and regulations applying to the cheer team. *See Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 356 (Tex. App.—San Antonio 1998, pet. denied) (holding a school bulletin was not an enforceable contract because it provided "[t]his

---

[3] The District asserted alternative grounds for its immunity; we do not address them because we resolve the matter on its first ground. *See* TEX. R. APP. P. 47.1.

5

bulletin is for informational purposes only . . . . The college reserves the right to change or alter any statement herein without prior notice"); *Eiland v. Wolf*, 764 S.W.2d 827, 838 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (holding a school catalog was not an enforceable contract where it contained a disclaimer stating that it was "subject to change," not an "irrevocable contract," and matriculation into medical school was a "privilege and not a right"); *see also Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 421 (Tex. App.—Dallas 2011, pet. denied) (holding dispute resolution terms were unenforceable because one party was provided "the unilateral power, at any time, to elect not to enforce any policy or provision"). Thus, the cheer constitution is not a contract and unenforceable as a matter of law. *See Karns*, 459 S.W.3d at 690.

Because the cheer constitution, part of appellee's pleadings, is unenforceable as a matter of law, appellee's pleadings affirmatively negated the only immunity waiver it pled. *See Miranda*, 133 S.W.3d at 227. Therefore, the trial court lacked jurisdiction to grant relief. *See id*.

### IV.    CONCLUSION

We reverse the trial court's implicit denial of the District's plea to the jurisdiction and render judgment dismissing the case for lack of jurisdiction. All pending motions are denied as moot.

JON WEST
Justice

Delivered and filed on the
12th day of February, 2026.

6